IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

Civil Action No.

FILED
STATESVILLE, N.C.

AUG 26 2010

U.S. DISTRICT COURT
W. DIST. OF NC

MATT JENKINS )
)
Plaintiff, )
)
vs. )   **COMPLAINT**
)   JURY TRIAL DEMANDED
M.R.S. ASSOCIATES, INC., )
MRS BPO, LLC., )   5:10CV121
Defendant )
)

**Plaintiff alleges as follows:**

## INTRODUCTION

This is an action for damages and injunctive relief under the Telephone Consumer Protection Act (hereinafter, "TCPA") as found in 47 U.S.C. §227, et. seq.; the Fair Debt Collection Practices Act (hereinafter, "FDCPA") as found in 15 U.S.C. §1692, et. seq.; statutory damages and injunctive relief under 47 C.F.R. § 64.1200, Delivery Restrictions (hereinafter, "Regulations"); for Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers as found in N.C. Gen. Stat. §58-70, et. seq., the Fair Credit Reporting Act ( hereinafter,"FCRA") found in 15 U.S.C. §1681 and for damages relative to the intentional tort of Intrusion of Seclusion.

## THE PARTIES

1. Plaintiff, Matt Jenkins, is a natural person that resides in Mooresville, North Carolina

2. Plaintiff is a person as defined in 47 U.S.C. §153(32), a consumer as defined in 15 U.S.C. §1692a(3), and a consumer as defined in N.C. Gen. Stat. §58-70-90(2)

3. Upon information and belief, Defendant, M.R.S. Associates, Inc. (hereinafter, "Associates") is a foreign corporation whose principal office is located in Cherry Hill, New Jersey, and whose North Carolina SOSID is 0373420.

4. Defendant Associates is a "person" as defined in 14 U.S.C. §153(32), a "debt collector" as defined in 15 U.S.C. 1692a(6), and a "collection agency" as defined in N.C. Gen. Stat. §58-70-90(1) whose North Carolina Department of Insurance ID is 101456.

5. Upon information and belief, Defendant, MRS BPO, LLC (hereinafter, "BPO") is a foreign corporation whose principal office is located in Cherry Hill, New Jersey, and whose North Carolina SOSID is 1035582.

6. Defendant BPO is a "person" as defined in 14 U.S.C. §153(32), a "debt collector" as defined in 15 U.S.C. 1692a(6), and a "collection agency" as defined in N.C. Gen. Stat. §58-70-90(1) whose North Carolina Department of Insurance ID is 102995.

7. Defendants Associates and BPO engage in the collection of debts on behalf of third parties in this jurisdiction.

8. Defendant Associates is a user of credit reports as defined by 15 U.S.C. 1681

9. Defendant BPO is a user of credit reports as defined by 15 U.S.C. 1681

## JURISDICTION

10. Jurisdiction of this Court arises under 28 U.S.C. §1332(a).

11. The Plaintiff and the Defendant are located in different states and the matter in controversy exceeds $75,000.

12. Jurisdiction of this Court concurrently arises under 15 U.S.C. §1692k(d).

## FACTUAL ALLEGATIONS

13. During or about the period beginning March 1, 2008 through April 30, 2009 (hereinafter, "the relevant time"), the Defendants, either individually or jointly, directly or indirectly, placed or caused to be placed, certain telephone calls to the Plaintiffs cellular telephone, (562) 882-0300 (hereinafter, "the Calls").

14. The Calls were made using either an automatic telephone dialing system (hereinafter, "ATDS"), or an artificial or prerecorded voice.

15. The Defendants did not have the express consent from the Plaintiff prior to placing the Calls, or causing the Calls to be placed.

16. The Defendants did not place or cause the Calls to be placed for an emergency purpose.

17. During the relevant time, the Defendants were instructed to cease placing any further calls to Plaintiff's cellular phone, (562) 882-0300, which utilized an ATDS or artificial or prerecorded voice (hereinafter, "the Notice").

18. Notwithstanding said instructions, the Defendants continued to place or cause to be placed, the Calls.

19. Some of the Calls were placed between the hours of 9:00 p.m. and 8:00 a.m., local time at the Plaintiff's location.

20. Some of the Calls failed to identify the state registered business name of the caller at the beginning of each message.

21. The Defendants placed or caused the Calls to be placed with the intent to communicate with the Plaintiff with respect to the collection of a debt.

22. Some of the Calls failed to disclose that the purpose of the call was an attempt to collect a debt.

23. The Calls were placed with the intent to harass and annoy the Plaintiff.

24. At all times during the relevant time, Associates and BPO worked in conjunction with each other, both to collect the alleged debt, and to conceal from Plaintiff, for the purposes of creating confusion, information as to whether a given Call was placed by Associates or BPO.

25. On or about February 2, 2010, the Plaintiff filed a Complaint in the Iredell County Superior Court against the Defendant BPO with the case number of 10CVS00317. The Defendant failed to answer in a timely fashion and a default judgment was awarded to the Plaintiff on or about March 16, 2010.

26. On or about April 14, 2010, the Defendant BPO filed a Motion to Set Aside the Entry of Default Judgment and filed an Answer to the Complaint.

27. Within the Motion to Set Aside and the Defendant BPO's sworn Answer, the Defendant BPO pled that they "are not a currently operational entity." And "that at all times pertinent hereto, MRS BPO, LLC did not own any accounts or engage in collection of accounts." And that "MRS BPO did not engage in any collection activity."

28. After consulting with counsel for BPO, the Plaintiff stipulated to set aside the Entry of Default and agreed to allow the Defendant to answer an Amended Complaint.

29. On or about May 19, 2010, the Court signed an order setting aside the Default Judgment and on or about May 20, 2010, the Plaintiff filed an Amended Complaint.

30. On or about July 15, 2010, the Defendant BPO filed a sworn Answer to the Amended Complaint wherein the Defendant BPO once again pled that they were/are not a currently operational entity and that they do not engage in collection activity.

31. On or about August 25, 2010, the Plaintiff filed a voluntary dismissal without prejudice in the aforementioned state court action and on or about August 26, 2010, filed this current action.

32. Upon information and belief, the Defendant BPO was/is currently licensed as a collection agency with the state of North Carolina and virtually all other 49 states as a collection agency and advertise themselves to be a collection specialist.

33. Defendant BPO's sworn statements in their state court pleadings that they were/are not a currently operational entity and that they don't engage in the collection of debts were false and deceptive.

34. As the Defendant BPO has sworn that they do not engage in the collection of accounts or collection activity and that they were/are not a currently operational entity, upon information and belief, within 2 years of discovery by the Plaintiff but not more than 5 years from the violation, the Defendant BPO willfully and intentionally violated the Fair Credit Reporting Act, 15 U.S.C. §1681, by using or obtaining the Plaintiff's consumer credit report without Plaintiff's consent and without a permissible purpose as defined by 15 U.S.C. §1681b.

35. The Plaintiff has never engaged in any voluntary credit transaction with the Defendant BPO

36. Upon information and belief the Defendant BPO falsely certified to the Credit Reporting Agencies that they had a permissible purpose to obtain the Plaintiff's consumer credit report based on their false representations including but not limited to: their requests were made in conjunction with a credit transaction involving the Plaintiff, and/or that the Plaintiff had an existing credit relationship with the Defendant, and/or that the Defendant had a permissible purpose for accessing the Plaintiff's report.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FCRA

37. The Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

38. The Defendant willfully and intentionally violated 15 U.S.C. §1681b, by using or obtaining by false representations, the Plaintiff's consumer credit report without Plaintiff's consent and without a permissible purpose as defined by 15 U.S.C. §1681b.

39. As a result of the Defendant's willful and intentional violations of 15 U.S.C. §1681b, the Plaintiff is entitled to statutory damages in the amount of up to $ 1,000.00 per violation and punitive damages pursuant to 15 U.S.C. §1681n

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE TCPA

40. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

41. Under 47 U.S.C. § 227(b)(1)(A)(iii), it is unlawful for any person within the United States to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service.

42. Under 47 U.S.C. § 227(b)(3), et. seq., the Plaintiff has a private right of action for violations of 47 U.S.C. § 227(b)(1)(A)(iii).

43. The TCPA is a strict liability statute.

44. The Defendants BPO and/or Associates placed not less than 85 calls during the subject time frame which contained violations of 47 U.S.C. § 227(b)(1)(A)(iii).

45. Under 47 U.S.C. § 227(b)(3), et. seq., Plaintiff is entitled to statutory damages of not less than $500.00 per violation, and up to $1500.00 per violation.

46. Under 47 U.S.C. § 227(b)(3), et. seq., Plaintiff is entitled to injunctive relief.

## THIRD CAUSE OF ACTION
## VIOLATIONS OF THE TCPA

47. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

48. Under 47 C.F.R. § 64.1200(a)(iii), it is unlawful for any person to initiate any telephone call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service.

49. Under 47 C.F.R. § 64.1200(b)(1), if the caller is a business, it is mandatory that all artificial or prerecorded messages shall, at the beginning of the message, state clearly the name under which the entity is registered to conduct business.

50. Under 47 U.S.C. § 227(b)(3), et. seq., the Plaintiff has a private right of action for violations of regulations prescribed under 47 U.S.C. § 227(b)(2).

51. The regulations prescribed under 47 U.S.C. § 227(b)(2) include, but are not limited to, 47 C.F.R. § 64.1200, et. seq., (the Regulations).

52. The TCPA is a strict liability statute.

53. The Defendants BPO and/or Associates placed calls during the subject time frame which contained violations of the Regulations.

54. Under 47 U.S.C. § 227(b)(3), et. seq., Plaintiff is entitled to statutory damages of not less than $500.00 per violation, and up to $1500.00 per violation.

55. Under 47 U.S.C. § 227(b)(3), et. seq., Plaintiff is entitled to injunctive relief.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION STATUTES

56. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein

57. Defendants BPO and/or Associates called Plaintiff's cellular telephone during the subject time frame leaving messages without disclosing that the communication was from a debt collector in violation of North Carolina General Statute § 58-70-110(2)

58. Defendant's acts constitute unfair and deceptive acts and practices in the area of commerce under North Carolina General Statute § 75-1.1

59. As a result of Defendants violations of the North Carolina General Statute § 58-70-110(2), Plaintiff is entitled to statutory damages in the amount of up to $ 2000.00 per violation pursuant to North Carolina General Statute § 58-70-130(b) and reasonable attorney fees in bringing this action pursuant to North Carolina General Statute § 75-16.1

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION STATUTES

60. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein

61. Defendants BPO and/or Associates placed calls after the hours of 9pm and before 8am local meridian time for the purpose of harassment, violating North Carolina General Statute § 58-70-100(3)

62. As a result of Defendants violations of the North Carolina General Statute § 58-70-100(3), Plaintiff is entitled to statutory damages in the amount of up to $ 2000.00 per violation pursuant to North Carolina General Statute § 58-70-130(b)

## SIXTH CAUSE OF ACTION
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION STATUTES

63. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein

64. After being requested to stop placing calls to the Plaintiff's cellular telephone, the Defendant continued to place calls to the Plaintiff's cellular telephone for the purpose of harassment, violating North Carolina General Statute § 58-70-100(3)

65. As a result of Defendants violations of the North Carolina General Statute § 58-70-100(3) and/or North Carolina General Statute § 58-70-115, Plaintiff is entitled to statutory damages in the amount of up to $ 2000.00 per violation pursuant to North Carolina General Statute § 58-70-130(b)

## SEVENTH CAUSE OF ACTION
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION STATUTES

66. The Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

67. The Defendant BPO's false and deceptive statements in the state court pleadings and/or their false statements to the Credit Reporting Agencies were acts of deceptive representation in debt collection under North Carolina General Statute § 58-70-110 and/or were acts of "unfair practices" in debt collection under North Carolina General Statute § 58-70-115

68. Defendant's acts constitute unfair and deceptive acts and practices in the area of commerce under North Carolina General Statute § 75-1.1

69. As a result of Defendant's violations of North Carolina General Statute § 58-70-110 and/or North Carolina General Statute § 58-70-115, Plaintiff is entitled to statutory damages in the amount of up to $ 4000.00 per violation pursuant to North Carolina General Statute § 58-70-130(b) and reasonable attorney fees in bringing this action pursuant to North Carolina General Statute § 75-16.1

## EIGHTH CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

70. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein

71. Defendant BPO's communications violated the (F.D.C.P.A.) 15 U.S.C. §§ 1692 et seq. by:
    a. using false, deceptive, or misleading representations in connection with debt collection in violation of 15 U.S.C. §§ 1692e
    b. using unfair or unconscionable means to attempt to collect a debt or an alleged debt in violation of 15 U.S.C. §§ 1692f

72. As a result of Defendants violations of the F.D.C.P.A., the Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1), statutory damages of up to $1000.00 per action pursuant to 15 U.S.C. §1692k(a)(2)(A) and reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3)

## NINTH CAUSE OF ACTION
## INTRUSION OF SECLUSION

73. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

74. Intrusion into seclusion has been recognized in North Carolina and is defined as the intentional intrusion "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns ... [where] the intrusion would be highly offensive to a reasonable person." *Toomer v. Garrett*, 574 S.E.2d 76 (N.C. App., 2002).

75. Persistent telephoning is among those kinds of intrusions that have been recognized under this tort. *Id.*

76. The Defendant intentionally intruded into the solitude or seclusion of the Plaintiff by continually harassing the Plaintiff with telephone calls several times per day and at all hours of the day and night.

77. The calls placed by the Defendant were so persistent, and repeated with such frequency, as to constitute "hounding the Plaintiff" and a "substantial burden to his existence" under the *Restatement of Torts, Second §652(b)*, and as such, would be considered highly offensive by a reasonable person.

78. As a result of the Defendant's intrusions upon the Plaintiff, the Plaintiff is entitled to compensatory damages in an amount to be determined at trial from Defendant.

79. The acts of the Defendant were committed with fraud, malice or were willful and wanton misconduct and as such, Plaintiff is entitled to punitive damages under N.C. Gen. Stat. §1D-15 in an amount to be determined at trial from Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff's pray that judgment be entered against the Defendants:

1. For an award of statutory damages of $1500.00 per violation of the TCPA pursuant to 47USC 227(b)(3)(B)

2. For an Order enjoining Defendant BPO and/or Associates from placing any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

3. For an award of statutory damages of up to $ 4,000.00 per violation of the North Carolina Debt Collection Statutes pursuant to North Carolina General Statute § 58-70-130(b)

4. Damages for $ 1000.00 per cause of action for violations of the Fair Debt Collection Practice Act

5. Costs, and attorney's fees pursuant to North Carolina General Statute § 58-70-130(a), North Carolina General Statute § 75-16, 47 USC 227(b)(3)(C), 15 U.S.C. 1692k(a) and 15 U.S.C. 1681, and;

6. Compensatory damages as provided by North Carolina statute, and;

7. Punitive damages as provided by North Carolina statute and the FCRA, and;

8. For an award of statutory damages of $ 1,000.00 per violation of the FCRA, and;

9. award such other and further relief as the Court deems just and proper under the circumstances

DATED: 8/26/10

Matt Jenkins
116 Milbros Lane
Mooresville, N.C. 28117
shephard68@yahoo.com
562 882 0300