IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO.: 5:10-CV-00121

MATT JENKINS,                )
                             )
         Plaintiff,          )
                             )
v.                           )
                             )
M.R.S. ASSOCIATES, INC.,     )
MRS BPO, LLC,                )
                             )
         Defendants.         )
_____)

PLAINTIFF'S REPLY TO
DEFENDANT M.R.S. ASSOCIATES INC.'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL

Plaintiff, Matt Jenkins (hereinafter, "Plaintiff"), by and through the undersigned counsel, in reply to Defendant M.R.S. Associates, Inc.'s response (D.E. 19) to Plaintiff's Motion to Compel (D.E. 12), offer the following:

1. Plaintiff incorporates his Memorandum in Opposition to Defendant's Motion for Protective Order (D.E. 18) as its reply to Defendant M.R.S. Associates Inc.'s Response in Opposition to Plaintiff's Motion to Compel.

2. Defendant continues to assert that Plaintiff offered no reason as to his opposition to Defendant's proposed protective order, then proceeds with a lengthy discussion regarding why the Plaintiff's reasons (the ones he "did not provide") are not sufficient. Clearly, it is Defendant's position here that by failing to agree with Defendant, Plaintiff is not attempting to confer in good faith.

Plaintiff believes his position is clear and well enunciated. Records of calls placed from Defendant to Plaintiff do not warrant the issuance of a protective order prior to their disclosure. The Defendant disagrees and refuses to provide them.

3. Defendant did not fully respond to interrogatories. Rather than provide answers, the Defendant refers the Plaintiff to business records it claims it will produce, then refuses to produce them without a protective order. This is not a proper response. If a party is going to invoke Rule 33(d), the party must be prepared to allow inspection of the documents which contain the answers to the interrogatories. If a party is going to claim a privilege with respect to documents, the party cannot use Rule 33(d); rather, the party must answer the interrogatory in the traditional manner. *Blake Associates, Inc. v. Omni Spectra, Inc.*, 118 F.R.D. 283, 290 (D. Mass. 1988).

## CONCLUSION

Defendant's conduct in refusing to respond to discovery requests, in mischaracterizing the extent and nature of communications between the parties, and in continuing to advance meritless arguments is evidence of a calculated pattern to stonewall the Plaintiff, to increase the cost of litigation and burden on this Court.

Plaintiff respectfully requests that the Court grant his Motion to Compel and order the Defendant to respond fully to Plaintiff's discovery requests and requests for production.

Dated: May 25, 2011

                Respectfully submitted,

                /s/ W. Andrew LeLiever
                W. Andrew LeLiever
                N.C. State Bar No: 37384
                LELIEVER LAW, P.A.
                5 W. Hargett St., Ste. 210
                Raleigh, NC 27601
                Telephone: 919-906-4687
                Email: Andrew@lelieverlaw.com
                *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date I electronically filed the foregoing Plaintiff's Reply to Defendants M.R.S. Associates, Inc.'s Response in Opposition to Plaintiff's Motion to Compel with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

    Caren D. Enloe
    of SMITH DEBNAM NARRON DRAKE
    SAINTSING & MYERS, LLP
    PO Drawer 26268
    Raleigh, NC 27609

Dated: May 25, 2011

                Respectfully submitted,

                /s/ W. Andrew LeLiever
                W. Andrew LeLiever
                N.C. State Bar No: 37384
                LELIEVER LAW, P.A.
                5 W. Hargett St., Ste. 210
                Raleigh, NC 27601
                Telephone: 919-906-4687
                Email: Andrew@lelieverlaw.com
                *Counsel for Plaintiff*